1

**E-Filed 9/9/08**

2

3

4

5

6

7

NOT FOR CITATION

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

13

**SECURITIES AND EXCHANGE
COMMISSION,**

14

15

**Plaintiff,**

16

**v.**

17

**MARK LESLIE, KENNETH E. LONCHAR,
PAUL A. SALLABERRY, MICHAEL M.
CULLY, and DOUGLAS S. NEWTON,**

18

19

**Defendants.**

20

21

Case Number C 07-3444 JF

ORDER[1] [1] CLARIFYING COURT'S
AUGUST 19, 2008 ORDER
GRANTING IN PART AND
DENYING IN PART MOTIONS TO
DISMISS AND TO STRIKE, and [2]
DENYING MOTION OF
DEFENDANTS LONCHAR, LESLIE,
AND SALLABERRY FOR LEAVE TO
FILE A MOTION FOR
RECONSIDERATION

RE: Docket Nos. 81-82, 84-87

22

I.      **Background**

23

On August 19, 2008, this Court ruled on motions of defendants Mark Leslie ("Leslie"),

24

Kenneth Lonchar ("Lonchar"), Paul Sallaberry ("Sallaberry"), Michael Cully, and Douglas

25

Newton to dismiss Plaintiff's complaint, or to strike portions thereof.  The motions were granted

26

in part and denied in part (Document No. 80, the "Order").  By a letter dated August 27, 2008,

27

28

_____

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-3444 JF
ORDER CLARIFYING ORDER ETC.
(JFLC3)

1    Plaintiff  requested clarification of the Order with respect to its fourth and fifth claims (Document

2    No. 81).  On August 29, 2008, Lonchar filed a motion for leave to file a motion for

3    reconsideration of Plaintiff's third claim (Document No. 82).  Leslie and Sallaberry have

4    requested that they be allowed to join in Lonchar's motion (Document Nos. 84 & 86).  Finally, by

5    a letter dated September 5, 2008, Leslie requested clarification as to whether certain injunctive

6    relief—namely, a "director and officer bar"—was precluded by the Court's determination that the

7    five-year statute of limitations contained in 28 U.S.C. § 2462 applied to the SEC's claims

8    (Document No. 85).

9         By this Order, the Court will clarify its Order as to claims 3, 4, and 5, and the availability

10   of a "director and officer bar."  In light of this clarification, and because no other good cause for

11   reconsideration has been shown, the motion for leave to file a motion for reconsideration will be

12   denied.

13   II.   **Third and Fifth Claims**

14        Plaintiff's third claim arises under Section 13(b)(5) of the Exchange Act and Rule 13b2-1

15   thereunder.  Complaint ¶¶ 92-94.  Plaintiff's fifth claim is based on Rule 13b2-2.  The questions

16   posed both by the SEC's request for clarification and by the defendants' motion for leave to file a

17   motion for reconsideration concern whether Section 13(b)(5) and the above-cited rules impose a

18   scienter requirement.

19        The Court held that the third claim (alleged under section 13(b)(5) and Rule 13b2-1)

20   should not be dismissed because, per Ninth Circuit precedent, *section 13(b)* does not impose a

21   scienter requirement.  However, the Court did dismiss the fifth claim (alleged under *Rule 13b2-*

22   *2*), noting that the Ninth Circuit had not squarely addressed whether *section 13(b)(5)* claims

23   require a pleading of scienter.  The Court's disposition of the third claim thus was inconsistent

24   with its reasoning with respect to section 13(b)(5), and also left open the question of whether a

25   scienter requirement attaches to claims under Rules 13b2-1 or 13b2-2.  Having reexamined the

26   Order and the case law, the Court concludes that there is no scienter requirement for claims under

27   Section 13(b)(5), Rule 13b2-1, or Rule 13b2-2.

28        The Ninth Circuit has concluded that "[a] plain reading of section 13(b) reveals that it . . .

1   does not impose a scienter requirement." *Ponce v. SEC*, 345 F.3d 722, 737 n. 10 (9th Cir. 2003).

2   Although the Ninth Circuit has not addressed the question in great detail, decisions in other

3   circuits reinforce what *Ponce* plainly states—that there is no scienter requirement under section

4   13 or the corresponding regulations.  *See, e.g.*, *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998).

5   As *McNulty* explains, the SEC did not insert a scienter requirement into the implementing rules

6   because section 13 "contains no words indicating that Congress intended to impose a 'scienter'

7   requirement."  *Id*. at 741 (citing Promotion of the Reliability of Financial Information and

8   Prevention of the Concealment of Questionable or Illegal Corporate Payments and Practices,

9   Exchange Act Release No. 34-15570, 16 SEC Docket 1143, 1151 (Feb. 15, 1979)).[2]  The Seventh

10  Circuit held the same in *McConville v. SEC*, 465 F.3d 780, 789-90 (7th Cir. 2006) (finding no

11  scienter requirement under section 13 *or regulations thereunder*).  Cases in the district courts

12  overwhelmingly are in accord.  *See, e.g.*, *SEC v. Collins & Aikman Corp.*, 524 F. Supp. 2d 477,

13  491 (S.D.N.Y. 2007) (stating that scienter is not a requirement of Rule 13b2-1 or Rule 13b2-2);

14  *SEC v. Forman*, Civ. No. 07-11151-RWZ, 2008 WL 2704554, at * 3 (D. Mass. July 07, 2008)

15  (finding adequate allegations under Section 13(b)(5), Rule 13b2-1, and Rule 13b2-2, and noting

16  categorically that "scienter is not an element of *civil* claims under § 13) (emphasis in original);

17  *SEC v. Cohen*, Civ. No. 4:05CV371-DJS, 2007 WL 1192438, at *19 (E.D. Mo. April 19, 2007)

18  (concluding that there is no scienter requirement under Rule 13b2-2); *SEC v. Goldsworthy*, Civ.

19  No. 06-10012-JGD, 2007 WL 4730345, at *15 (D. Mass. Dec. 4, 2007) (stating that "proof of

20  scienter is not required for claims under Section 13 of the Exchange Act or the regulations

21  promulgated thereunder"). [3]

---

[2] As the *McNulty* court explained, the legislative history of section 13(b) "plainly impl[ies]" that the word "knowing" does *not* impose a scienter requirement in *civil* actions. *McNulty*, 137 F.3d at 741.

[3] Cases such as *S.E.C. v. Baxter*, Civ. No. 05-03843-RMW, 2007 WL 2013958, at *8 (N.D. Cal. 2007) (finding that Rule 13b2-2 "*appears* to also impose a scienter requirement") are thus contrary to the weight of authority.

3

Case No. C 07-3444 JF
ORDER CLARIFYING ORDER ETC.
(JFLC3)

1  **II.    Fourth Claim**

2        Plaintiff's fourth claim alleges that defendants Lonchar, Cully, and Newton "knowingly

3  circumvented or knowingly failed to implement a system of internal accounting controls at

4  Veritas," thereby violating Section 13(b)(5) of the Exchange Act.  Complaint ¶¶ 96-97.  The

5  fourth claim also alleges that the defendants aided and abetted violations of Section 13(b)(2)(B)

6  of the Exchange Act.  For the reasons discussed below, the Court concludes that its dismissal of

7  the fourth claim as to Lonchar was incorrect.

8        The Court concluded that Plaintiff adequately had alleged internal control violations

9  against Lonchar.[4]  In so doing, it considered *both* the AOL transaction and Lonchar's subsequent

10  (and independent) manipulation of Veritas's financial statements.  The conclusion that Plaintiff

11  adequately had pled its Section 13(b)(5) claim against Lonchar rested on Lonchar's allegedly

12  fraudulent actions *following* the AOL transaction.[5]  *See* Order at 14:3-6.  While the Court

13  concluded that Plaintiff had not pled Lonchar's involvement in *facilitating* the AOL transaction

14  with sufficient particularity,[6] it is clear that the Section 13(b)(5) claim was supported by

15  Lonchar's alleged post-transaction financial manipulations.[7]  Accordingly, the Court did not

16  intend to dismiss the fourth claim in its entirety.

17        Similarly, as to the aiding and abetting claim under Section 13(b)(2)(B), the Court's

18  concern was with the inadequacy of allegations that Lonchar helped to facilitate the AOL

19  transaction.  Again, it is clear that allegations of Lonchar's post-AOL conduct meet the aiding and

20  abetting standard.  Aiding and abetting liability requires (1) the existence of an outside primary

21  violation, (2) actual knowledge by the aider and abetter of the primary violation and his own role

22

23        [4] "The SEC also has adequately alleged internal control violations: the complaint alleges
that Lonchar knowingly circumvented or knowingly failed to implement a system of internal
24  accounting controls to prevent the improper recording of accruals, the improper recognition of
professional revenue, and the manipulation of deferred revenue balances."  Order at 14:2-6.
25        [5] See *supra* note 2, referring to primary violations concerning Lonchar's alleged selective
recording of certain accruals, improper recognition of professional revenue, and the manipulation
26  of deferred revenue balances.
27        [6] The Court noted this in the context of the Section 13(b)(2)(B) allegations.  Order at
14:16-20.
28        [7] See *supra* note 2.

Case No. C 07-3444 JF
ORDER CLARIFYING ORDER ETC.
(JFLC3)

1   in furthering it, and (3) "substantial assistance" in the commission of the primary violation.  *SEC*

2   *v. Fehn*, 97 F.3d 1276, 1288 (9th Cir. 1996).  Plaintiff has alleged primary violations in the form

3   of, inter alia, Veritas's improper recording of accruals, improper recognition of professional

4   service revenue, and inflation of deferred revenue balances.  Complaint ¶¶ 55, 60, 67 & 68.  In

5   addition, Plaintiff clearly has alleged that Lonchar knew of and substantially assisted in the

6   commission of these violations.  Complaint ¶¶ 54-56, 60-62 & 67-71.  Because the Court's only

7   doubt concerned whether the SEC adequately had pled Lonchar's role in facilitating the AOL

8   transaction, dismissal of the entire fourth claim was incorrect.

9         For the foregoing reasons, even though the allegation of Lonchar's involvement in the

10   AOL transaction was not pled sufficiently, the fourth claim will not be dismissed as to Lonchar.

11   III.   **Availability of a "director and officer bar"**

12         As already noted, the Court concluded that the five-year statute of limitations contained in

13   28 U.S.C. § 2462 applied to Plaintiff's claims.  Section 2462 provides, in pertinent part, that "an

14   action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or

15   otherwise, shall not be entertained unless commenced within five years from the date when the

16   claim first accrued." 28 U.S.C. § 2462.  Leslie requests that the Court clarify whether Plaintiff

17   nonetheless may seek to enjoin defendants from acting as directors or officers ("director and

18   officer bar") of any issuer that has a class of securities registered pursuant to Section 12 of the

19   Exchange Act, or that is required to file reports pursuant to section 15(d) of the Exchange Act.

20   Lesie contends that such a bar constitutes a penalty subject to section 2462.

21         The Ninth Circuit has not addressed the point of whether a director and officer bar

22   constitutes a penalty for purposes of section 2462.  Leslie cites a single case from the District of

23   Connecticut holding categorically that section 2462 applies to a director and officer bar.  *See SEC*

24   *v. DiBella,* 409 F. Supp. 2d 122, 127-128 & n.3 (D. Conn. 2006).  This position, however, is

25   contrary to the weight of authority, which holds either that (1) injunctive relief such as a director

26   and officer bar is equitable and not subject to any statute of limitations, *see, e.g.*, *SEC v.*

27   *McCaskey*, 56 F. Supp. 2d 323, 325-26 (S.D.N.Y. 1999); *SEC v. Williams*, 884 F. Supp. 28, 30

28   (D. Mass. 1995); *SEC v. Schiffer*, No. 97 Civ. 5853 (RO), 1998 WL 226101, at *2 (S.D.N.Y.May

Case No. C 07-3444 JF
ORDER CLARIFYING ORDER ETC.
(JFLC3)

1    5, 1998), or (2) that the question is one for decision on a developed record, based upon whether

2    the evidence indicates that the relief is necessary to prevent future wrongdoing, rather than merely

3    to punish the defendant, *see, e.g.*, *Johnson v. SEC*, 87 F.3d 484, 488-90 (D.C. Cir. 1996)*; SEC v.*

4    *Jones*, 476 F. Supp. 2d 374, 383-85 (S.D.N.Y 2007).   Under the latter approach, whether the

5    SEC's request for a director and officer bar is subject to section 2462 depends on whether the bar

6    would be a penalty or a remedial measure.  *Jones*, 476 F. Supp. 2d at 383.   That determination

7    turns on (1) the likelihood of recurrence of violations, and (2) the possible collateral

8    consequences of issuing an injunction.  *Id.*

9        Under either approach, it would be inappropriate to strike Plaintiff's request for a director

10   and officer bar in this case at this stage in the proceedings.  In addition, the Court is convinced

11   that the second approach–which turns on a case-specific inquiry into the nature of the requested

12   injunctive relief–is the wiser one.  That said, in light of the potentially severe consequences of

13   such relief to defendants, the Court will follow the Second Circuit's lead and require a substantial

14   showing as to the necessity of the relief sought.[8]

15   IV.   **Conclusion**

16       For the foregoing reasons, the motions to dismiss are denied as to Plaintiff's third, fourth,

17   and fifth claims, subject to the qualification regarding Lonchar's liability as to the fourth claim.

18   Lonchar's motion for leave to file a motion for reconsideration–joined by defendants Leslie and

19   Sallaberry–also is denied.

20

21   **IT IS SO ORDERED.**

22

     DATED: 9/9/08

23

24

                                                  JEREMY FOGEL
25                                                United States District Judge

26

27
     _____

28       [8] *SEC v. Jones* provides a thorough discussion of this analysis.  *See Jones*, 476 F.Supp.2d
     at 383-85.

                                              6

1   This Order has been served upon the following persons:

2   Anthony Paul Schoenberg      aschoenberg@FBM.com, calendar@fbm.com, ljensen@fbm.com

3   Danielle P. Van Wert      dvanwert@orrick.com, nhermez@orrick.com

4   Douglas R. Young      dyoung@fbm.com, alee@fbm.com, calendar@fbm.com,
    jamante@fbm.com

5   Greg S. Farano      gfarano@sflaw.com, calendar@sflaw.com

6   Jeffrey B. Finnell      finnellj@sec.gov

7   Melissa A. Robertson      robertsonm@sec.gov

8   Richard Hong      hongr@sec.gov

9   Scott W. Friestad      friestads@sec.gov

10  Susan Diane Resley      sresley@orrick.com, adalton@orrick.com, broundy@orrick.com,
11  nhermez@orrick.com

12  William Patrick Keane      wkeane@fbm.com, calendar@fbm.com, svillalobos@fbm.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. C 07-3444 JF
ORDER CLARIFYING ORDER ETC.
(JFLC3)