UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C 07-03444 JF (PVT) |
| Plaintiff, | **ORDER GRANTING DEFENDANT LESLIE'S MOTION TO INCREASE THE LENGTH OF DEPOSITION OF LEE J. SEIDLER** |
| v. | |
| MARK LESLIE, et al., | **[Docket No. 147]** |
| Defendants. | |

## INTRODUCTION

Defendant Mark Leslie moves to increase the length of deposition of expert witness Lee J. Seidler. Defendants Kenneth E. Lonchar and Paul A. Sallaberry have joined in the motion. (collectively "defendants"). The U.S. Securities & Exchange Commission opposes the motion. ("SEC"). Pursuant to Rule 7-1(b), the motion is taken under submission and the hearing scheduled to be held on October 2, 2009 is vacated. Having reviewed the papers and considered the arguments of counsel, defendant Leslie's motion is granted.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

**BACKGROUND AND DISCUSSION**

The SEC has designated Mr. Siedler as an expert witness on accounting issues and he has provided an expert witness report related to those specific issues. In addition, he is a rebuttal witness to defendant Lonchar's expert witness, Duross O'Bryan, defendant Leslie's expert witness, Jonathan Macy, and defendant Sallaberry's expert witness, Jay Howell. He has provided his own report and three additional reports to rebut each of the defendants' expert witnesses.

Presently, Mr. Seidler is scheduled to appear on October 7 and 8 (for two days) for deposition. In light of Mr. Seidler's extensive involvement first, as an expert witness, and second, as a rebuttal witness to defendants' own three expert witnesses, defendant Leslie moves to increase the length of Mr. Seidler's deposition from two days to three days.

Pursuant to the scheduling order in the above-captioned action, plaintiff SEC disclosed Mr. Seidler. Defendant Lonchar disclosed his expert witness named Duross O'Bryan. Defendant Leslie disclosed his expert witness named Jonathan R. Macy and defendant Sallaberry disclosed his expert witness named Jay Howell. Each of the experts provided expert witness reports on certain topics.

The chart below illustrates each of the experts and their various topics of expertise and includes the topics for which Mr. Seidler also acts as a rebuttal witness.

| Expert Witness | Topic | Rebuttal Witness |
|---|---|---|
| **Lee J. Seidler** (disclosed by the SEC) | accounting issues | Duross O'Bryan |
| Duross O'Bryan (disclosed by defendant Lonchar) | accounting issues | **Lee J. Seidler** |
| Jonathan Macy (disclosed by defendant Leslie) | corporate governance issues, corporate best practices and public policy in connection with alleged financial reporting fraud and intentional public misrepresentation by Veritas | **Lee J. Seidler** |
| Jay Howell (disclosed by defendant Sallaberry) | several other discrete topics | **Lee J. Seidler** |

The SEC has agreed to make Mr. Seidler available for deposition for two days on

October

7 and 8 only. The SEC has rebuffed defendants' request to extend the deposition to three days.

Defendant Leslie notes that when the SEC requested that defendant Lonchar's expert witness, Mr. O'Bryan, be made available for two days because he had provided two expert witness reports, the defendants accommodated the request. Defendants assure the court that they will endeavor to complete Mr. Siedler's deposition efficiently. The expert witness discovery cut-off is October 9, 2009.

Plaintiff SEC argues that the defendants lack justification for seeking three days (or 21 hours) of deposition. First, it objects to defendants' logic that four expert witness reports necessarily justifies the need to depose Mr. Seidler for three days. Instead of three separate rebuttal reports, Mr. Seidler could have made one longer report. In addition, opinions rendered in some of the rebuttal reports are covered in his initial report. Therefore, examination of Mr. Seidler may be streamlined to avoid an overly redundant deposition examination. Second, the SEC contends that it will endeavor to complete Mr. O'Bryan's deposition in one day.

Rule 30(d)(1) allows the court to order additional time for deposition for a party to conduct a fair examination of the deponent. Fed. R. Civ. P. 30(d)(1).

In light of Mr. Seidler's expansive role as an expert witness and as a rebuttal witness in the above-captioned action, three days are warranted for defendants to conduct a fair examination.

## CONCLUSION

Based on the foregoing, defendant Leslie's motion is granted. Defendants may depose Mr. Seidler for a total of 21 hours.

IT IS SO ORDERED.

Dated: October 1, 2009

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge