**E-Filed 8/18/2010**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SECURITIES EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>MARK LESLIE, et al.,<br>Defendants. | Case Number C 07-3444<br><br>ORDER[1] CLARIFYING ORDER OF JULY 29, 2010 AND DENYING THE SEC'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION<br><br>[Docket No. 301] |

**I. BACKGROUND**

In an order dated July 29, 2010, the Court granted in part and denied in part motions for summary judgment brought by Defendants Mark Leslie ("Leslie"), Kenneth Lonchar ("Lonchar"), and Paul Sallaberry ("Sallaberry"). The Court concluded, *inter alia*, that Lonchar is entitled to partial summary judgment with respect to the SEC's claim pursuant to Section 13(b)(5) of the Exchange Act.[2] The Court also determined *sua sponte* that the SEC's prayer for

[1] This disposition is not designated for publication in the official reports.

[2] 15 U.S.C. § 78m(b)(5).

disgorgement with respect to Lonchar and Sallaberry is precluded as a matter of law. The SEC moves pursuant to Civ. L.R. 7-9 for clarification or for leave to file a motion for reconsideration as to these two determinations. The order is clarified below; leave to file a motion for reconsideration will be denied.

## II. SECTION 13(b)(5) CLAIMS AGAINST LONCHAR

The Court concluded that Lonchar is entitled to summary judgment on the SEC's Section 13(b)(5) claim because the evidence does not support an inference that Lonchar *knowingly* circumvented or *knowingly* failed to implement a system of internal accounting controls. *SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038, at *27 (N.D. Cal. July 29, 2010). The SEC contends that requiring it to show that Lonchar's alleged violation was "knowing" is inconsistent with the Court's order of September 9, 2008, which "conclude[d] that there is no scienter requirement for claims under Section 13(b)(5), Rule 13b2-1, or Rule 13b2-2." *S.E.C. v. Leslie*, No. C 07-3444 JF, 2008 WL 4183939, at *1 (N.D. Cal. Sept. 9, 2008). However, while "[p]roof of scienter is not required for claims under Section 13 of the Exchange Act or the regulations promulgated thereunder[,] . . .to prevail on its claim of violation of Section 13(b)(5), the SEC must establish that the defendants acted knowingly." *SEC v. Goldsworthy*, Civil Action No. 06-10012-JGD, 2007 WL 4730345, at *15 (D.Mass. Dec. 4, 2007) (citing *SEC v. Cohen*, No. 4:05CV371-DJS, 2007 WL 1192438, at *18 (E.D. Mo. April 19, 2007)). Although the SEC claims that it was surprised by the Court's conclusion that Lonchar's conduct must be "knowing," in fact the order of September 9, 2008 makes express reference to *Goldsworthy* and *Cohen*. *Leslie*, 2008 WL 4183939 at *1. Moreover, Section 13(b)(5) itself states that the violation must be "knowing[]." 15 U.S.C.A. § 78m(b)(5).

## III. DISGORGEMENT

The SEC also contends that summary judgment in favor of Lonchar and Sallaberry with respect to a potential disgorgement remedy was inappropriate because (1) it did not have an adequate opportunity for discovery and (2) the Court focused incorrectly on the actions of the Ernst & Young auditors rather than the conduct of Lonchar and Sallaberry.

**A. Adequate opportunity for discovery**

At a case management conference on August 21, 2009, the Court approved the parties' joint proposal to bifurcate discovery with respect to liability and remedies. (SEC's Mot. Ex. 2 at 9-11.) Discovery with respect to the liability phase closed on December 16, 2009, and discovery with respect to the remedies phase was to begin, if necessary, only after a trial on liability. In its order dated July 29, 2010, the Court concluded that the disgorgement remedy could not apply to Lonchar and Sallaberry because there is insufficient evidence to support an inference that either Lonchar or Sallaberry received any ill-gotten gains as a result of their alleged conduct. *Leslie*, 2010 WL 2991038 at * 39. Although they did not raise the issue of disgorgement as such in their motions for summary judgment, Defendants did address specifically and at length the issue of whether their conduct affected the original audit. This issue clearly was within the scope of the "liability" phase of discovery that closed on December 16, 2009, and indeed the parties submitted boxes of evidence on the subject. While the SEC alleges that Lonchar and Sallaberry made several categories of misrepresentations, the only such allegations at issue in the motions for summary judgment that were supported by evidence involved the relationship between the software license and advertising purchase. *Leslie*, 2010 WL 2991038 at *22-27. It is undisputed that the auditors did not credit these alleged misrepresentations and in fact treated the transactions as "linked and part of a single exchange." *Id.* at 31.

The SEC contends that it needs further discovery with respect to bonuses and trading profits attributable to the AOL transaction and as to whether Veritas's reporting of the AOL transaction artificially inflated the company's stock price. However, the threshold question is not whether Lonchar and Sallaberry benefited from the AOL transaction but whether their conduct affected the original audit. As the Court noted in its order, even if the original accounting was incorrect and resulted in an artificial inflation of the company's stock price, "[t]he amount ordered to be disgorged at least must be a reasonable approximation of the profits causally connected with the violation." *Leslie*, 2010 WL 2991038 at *39 (citing *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1192 n. 6 (9th Cir. 1998)). Because the only misrepresentations at

issue that are attributable to Lonchar and Sallaberry did not affect the original audit, any inflation in the company's stock price simply cannot be attributable to Lonchar's and Sallaberry's alleged conduct. Accordingly, no amount that Lonchar or Sallabery could be ordered to disgorge would bear a reasonable approximation to the ill-gotten gain they allegedly received. Any additional information that the SEC might develop in the second phase of discovery thus would be immaterial to this particular claim.[3]

**B. The focus remains on Defendants' conduct**

The SEC also contends that "this Court appears to suggest that the misstatements and omissions created as a result of the defendants' fraudulent scheme were not the defendants' responsibility . . . ." (SEC's Mot. at 5:16-17.) To the contrary, the Court observed that "[t]he fact that others approved the accounting did not relieve Leslie of his responsibility to provide accurate answers in response to Ernst & Young's inquiry." *Leslie*, 2010 WL 2991038 at *21. The same conclusion is applicable to all Defendants. At the same time, Lonchar and Sallaberry cannot be required to disgorge ill-gotten gains when the evidence does not support an inference that they received such gains as a result of their conduct in the first instance. The SEC remains free to seek other remedies for any alleged misrepresentations by these Defendants.

## IV. CONCLUSION

The order dated July 29, 2010 is hereby clarified consistent with the forgoing discussion. In light of that clarification, the motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED**

DATED: 8/18/ 2010

JEREMY FOGEL
United States District Judge

---

[3] Lonchar moved for partial summary judgment only with respect to the SEC's claims related to the 2003 restatement. The order dated July 29, 2010 does not affect the SEC's prayer for disgorgement of bonuses and trading profits that are attributable to Lonchar's ill-gotten gains in connection with his conduct relating to the 2004 restatement.