1    RICHARD HONG (Admitted in New York)
     hongr@sec.gov
2    DAVID WILLIAMS (California Bar No. 183854)
     williamsdav@sec.gov
3    Attorneys for Plaintiff
     SECURITIES AND EXCHANGE COMMISSION
4    100 F Street, N.E.
     Washington, DC  20549
5    Telephone:  (202) 551-4431 (Hong)

6

7

8                        UNITED STATES DISTRICT COURT
9                      NORTHERN DISTRICT OF CALIFORNIA
                              OAKLAND DIVISION
10

11   SECURITIES AND EXCHANGE            Case No. 5:07-cv-03444-CW
12   COMMISSION,
                                        **FINAL JUDGMENT AS TO**
13              Plaintiff,              **DEFENDANT KENNETH E.**
                                        **LONCHAR**
14       vs.

15   MARK LESLIE, KENNETH E. LONCHAR,   Hon. Claudia Wilken
     PAUL A. SALLABERRY, MICHAEL M.
16   CULLY, and DOUGLAS S. NEWTON,

17              Defendants.

18
         The Securities and Exchange Commission having filed an Amended Complaint and
19
     Defendant KENNETH E. LONCHAR, having entered a general appearance; consented to the
20
     Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of
21
     this Final Judgment without admitting or denying the allegations of the Amended Complaint
22
     (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right
23
     to appeal from this Final Judgment:
24

25

26

27

28

FINAL JUDGMENT AS TO  DEFENDANT
KENNETH E. LONCHAR

SEC v. Leslie, et al., Case No. C 07-3444 CW

# I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

# II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement and prejudgment interest of $300,000, representing profits gained as a result of the conduct alleged in the Amended Complaint and prejudgment interest thereon, and a civil penalty in the amount of $100,000 pursuant to Section 21(d) of the Exchange Act. Defendant shall satisfy this obligation by paying $400,000 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Defendant's name as a defendant in this action; setting forth the title and civil action number of this action and the name

of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant

shall simultaneously transmit photocopies of such payment and letter to the Commission's

counsel in this action.  By making the foregoing payments, Defendant relinquishes all legal and

equitable right, title, and interest in such funds, and no part of the funds shall be returned to

Defendant.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28

U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry

Investment System ("CRIS") or any other type of interest bearing account that is utilized by the

Court.  These funds, together with any interest and income earned thereon (collectively, the

"Fund"), shall be held in the interest bearing account until further order of the Court.  In

accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative

Office of the United States Courts, the Clerk is directed, without further order of this Court, to

deduct from the income earned on the money in the Fund a fee equal to ten percent of the income

earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the

United States.

The Commission may by motion propose a plan to distribute the Fund subject to the

Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair

Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any

such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this

Judgment shall be treated as penalties paid to the government for all purposes, including all tax

purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

reduction of any award of compensatory damages in any Related Investor Action based on

Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he

further benefit by, offset or reduction of such compensatory damages award by the amount of any

part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the amended complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____July 20_____, 2012

_____
HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AS TO DEFENDANT
KENNETH E. LONCHAR                        - 4 -

SEC v. Leslie, et al., Case No. C 07-3444 CW